IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMOL M. CUYLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 122-125 |
| | ) | (Formerly CR 120-036) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Jamol M. Cuyler filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The motion raises two ineffective assistance of counsel claims, one of which asserts counsel failed to file an appeal after Petitioner instructed him to do so. Based on the evidence of record, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **GRANTED** as to the request for an out-of-time appeal and **DISMISSED** without prejudice as to the other claim, the judgment in Petitioner's underlying criminal case be **VACATED**, an identical sentence be **RE-IMPOSED**, and this civil action be **CLOSED**.

**I.     BACKGROUND**

    **A.     Indictment and Pretrial Proceedings**

On May 20, 2020, the grand jury in the Southern District of Georgia charged Petitioner with one count of possession of a firearm by a prohibited person under 28 U.S.C. § 922(g)(1). United States v. Cuyler, CR 120-036, doc. no. 1 (S.D. Ga. May 20, 2020) (hereinafter "CR

120-036"). Petitioner faced either: (1) a maximum of ten years imprisonment or (2) a mandatory minimum sentence of fifteen years if he had three or more qualifying convictions pursuant to 18 U.S.C. § 924(e). Id., doc. no. 2. Petitioner retained Daniel Gregory Leopard as counsel. Id., doc. nos. 11, 16.

### B. Guilty Plea

Pursuant to a written plea agreement, Petitioner pled guilty on May 13, 2021. Id., doc. nos. 58, 59. In exchange, the government agreed not object to a two-point reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility and, if Defendant's offense level was 16 or greater, the government agreed to move for an additional one-level reduction in offense level pursuant to U.S.S.G. § 3E1.1(b). Id., doc. no. 59, p. 4  Petitioner's plea agreement contained the following factual bases for his guilty plea:

> On or about January 14, 2020, in Richmond County, within the Southern District of Georgia, the defendant . . . knowing he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, to wit, a Kimber 45 caliber handgun, which had been transported in interstate and foreign commerce.

Id. at 2-3. The plea agreement contained a broad appeal waiver provision that stated in relevant part:

> Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground. The only exceptions to this waiver are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

Id. at 6-7. By signing the plea agreement, Petitioner attested he read, understood, and voluntarily agreed to the plea agreement. Id. at 10.

At the change of plea hearing, Chief United States District Judge J. Randal Hall explained the rights Petitioner would be waiving by pleading guilty, and Petitioner affirmed he clearly understood those rights. Among the rights explained, Chief Judge Hall reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and the right to remain silent. Id., doc. no. 71, pp. 7-10. The government provided the factual basis for the plea, the truth of which Petitioner confirmed. See id. at 16-19.

Chief Judge Hall summarized the terms of the plea agreement and explained to Petitioner that he was giving up his right to directly appeal the conviction and sentence on any ground, and Chief Judge Hall reviewed the limited situations in which Petitioner would be entitled to appeal. Id. at 10-11. Chief Judge Hall also explained the maximum penalties for the charges to which Petitioner was pleading guilty and explained the role of the Sentencing Guidelines, emphasizing they were only advisory and not binding on him. Id. at 11, 15-16. Furthermore, in response to a question asked by Chief Judge Hall, Petitioner averred no one had made him any promise or prediction he would receive a particular sentence. Id. at 15.

Chief Judge Hall informed Petitioner that, by signing the plea agreement, Petitioner agreed "all of the facts that are contained in the Plea Agreement are true and accurate, and [he] agree[s] to be bound by all of the terms of the agreement." Id. at 10. At the conclusion of this colloquy with Petitioner, Chief Judge Hall accepted Petitioner's guilty plea. Id. at 18-19.

    **C.**    **Sentencing**

The PSI set Petitioner's base offense level at twenty-four, pursuant to U.S.S.G. § 2K1.1. PSI ¶¶ 14, 15. Petitioner's offense level increased to twenty-six after adding a specific offense characteristic, pursuant to U.S.S.G. § 2K2.1(b)(4)(A). PSI ¶¶ 16, 20. Petitioner's offense level

increased to thirty-three after an added enhancement because Petitioner had at least three prior convictions of violent felonies which were committed on different occasions, pursuant to U.S.S.G. § 4B1.1(c)(3)(B). PSI ¶ 21. This offense level decreased three points for acceptance of responsibility resulting in a total offense level of thirty-five. PSI ¶¶ 52-53.

Petitioner received fifteen criminal history points for adult criminal convictions pursuant to U.S.S.G. § 4A1.1(a): (1) a 2009 conviction for theft by receiving; (2) a 2009 conviction for terroristic threats, possession of a firearm during a crime, and possession of a sawed-off shotgun; (3) a 2009 conviction for burglary; (4) a 2009 conviction for armed robbery; and (5) a 2019 conviction for possession of cocaine. PSI ¶¶ 25-30. Petitioner received two additional points for committing the instant offense while under a criminal justice sentence. PSI ¶ 31. Accordingly, Petitioner's criminal history score of seventeen established a criminal history category of VI. PSI ¶ 33. Based on a total offense level of thirty-three and a criminal history category of VI, Petitioner's guideline imprisonment range was between 235 and 293 months. PSI ¶ 67.

At sentencing on August 30, 2023, Petitioner objected to: (1) whether Petitioner qualified under the enhanced penalties of the Armed Career Criminal Act ("ACCA") because his prior terroristic threats conviction should not be considered a violent felony; and (2) the loss of his acceptance of responsibility points due to several jail incidents. CR 120-036, doc. no. 72, pp. 9, 20. Chief Judge Hall overruled Petitioner's objections. Id. at pp. 69-71. Chief Judge Hall sentenced Petitioner to serve a 180-month term of imprisonment. Id. at 76. Petitioner did not file an appeal.

  **D.** **§ 2255 Proceedings**

  Petitioner filed the instant § 2255 motion, raising two ineffective assistance of counsel claims:

   (1) Counsel failed to challenge the ACCA, which was not incorporated in the indictment and failed to object; and

   (2) Counsel failed to file a direct appeal after being instructed to do so.

(Doc. no. 1.)

  The Court directed Respondent to file its response to Petitioner's § 2255 motion. (Doc. no. 2.) On November 25, 2022, Respondent, after consulting with Mr. Leopard, Petitioner's trial counsel, denied that Petitioner was entitled to an out-of-time appeal. (Doc. no. 6.) However, on February 17, 2023, Respondent withdrew such opposition after further speaking with Mr. Leopard and Petitioner's appointed counsel, Mr. David Stewart, and conceded Petitioner is entitled to an out-of-time appeal because Mr. Leopard failed to consult with Petitioner about the possibility of an appeal after sentencing. (Doc. no. 20.)

**II.** **DISCUSSION**

  **A.** **Petitioner's Burden Under Strickland v. Washington**

  Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Massaro v. United States, 538 U.S. 500, 505 (2003); United States v. Armstrong, 546 F. App'x 936, 940 (11th Cir. 2013); see also Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (holding that Strickland test applies to ineffective assistance claim alleging failure to file an appeal). Petitioner must show that counsel was constitutionally ineffective under the two prongs of Strickland by proving defense counsel's performance was deficient and prejudicial.

Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Under the prejudice prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

### B.     Petitioner Is Entitled to An Out of Time Appeal

Respondent concedes Petitioner is entitled to an out-of-time appeal because Mr. Leopard failed to consult with Petitioner after sentencing. (Doc. no. 20, p. 2.) Where, as here, a court determines an out-of-time appeal is the proper remedy in a § 2255 proceeding, the remedy should be effected in the following way:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). The Court recommends these procedures to re-institute Petitioner's right to appeal. After reimposition of Petitioner's sentence, Petitioner will have fourteen days in which to file a notice of appeal.

During the objection period following issuance of this Report and Recommendation, Petitioner must inform the Court whether on appeal he intends to: (1) proceed *pro se*; (2) retain counsel of his choice; or (3) continue with Mr. Stewart as appointed counsel. In the event Petitioner fails to respond, the Court will presume Petitioner has chosen to proceed with Mr. Stewart. The Court **DIRECTS** the **CLERK** to serve a copy of this Report and Recommendation on Mr. Stewart.

In light of the recommendation Petitioner be allowed to file an appeal, the Court declines to address Petitioner's remaining ineffective assistance of counsel claim and recommends that claim be dismissed without prejudice. See United States v. Wiles, 563 F. App'x 692, 695 (11th Cir. 2014) (directing petitioner to raise in properly filed § 2255 motion ineffective assistance claims not addressed by District Court granting relief on lost appeal claim).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **GRANTED** as to the request for an out-of-time appeal and **DISMISSED** without prejudice as to the other claim, the judgment in Petitioner's underlying criminal case be **VACATED**, an identical sentence be **RE-IMPOSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of February, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA